IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT KEY #00423647 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00920 |
| ) | Judge Crenshaw / Frensley |
| DR. NWOZO, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court upon a "Partial Motion to Dismiss" Plaintiff's claims for money damages against them in their official capacities filed by Defendants David Sehorn and Kenneth Wiley ("Defendants").[1] Docket No. 24. Along with their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law. Docket No. 25.

Plaintiff, who is represented by counsel, has filed a Response to the Motion, as well as a supporting Memorandum of Law. Docket Nos. 33, 34.

With leave of Court (Docket No. 39), Defendants have filed a Reply. Docket No. 40.

Plaintiff, an inmate of the Tennessee Department of Correction who, at all times relevant to the case at bar was housed at the DeBerry Special Needs Facility ("DSNF"), but who has since been transferred to the Riverbend Maximum Security Institution ("RMSI"), filed this action pursuant to 42 U.S.C. §1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights when they denied, delayed, or

---

[1] Defendant Nwozo is not a party to the instant Partial Motion to Dismiss.

disregarded recommended medical treatment for his broken clavicle. Docket No. 1.[2] Plaintiff sues Dr. Nwozo because he is "the primary doctor at Louis M. Deberry Special Needs Facility for the Unit #7, [who] is responsible for the medical care, and welfare, of all inmates who are in Unit #7 and assigned to his caseload as patients"; Nurse Practitioner Sehorn because he is "the Nurse Practitioner at Louis M. Deberry Special Needs Facility for the Unit #7, and works in tandem with the doctor & caseload and is responsible for the medical care and welfare of all inmates in Unit #7 who are assigned to his caseload"; and Dr. Wiley because he is "the T.D.O.C. Medical Director of the (D.S.N.F.) [who is] responsible for the medical care & welfare of all inmates incarcerated in T.D.O.C. Prison, as well as for overseeing & supervising all the Doctors, Nurse Practitioners, Nurses, and all Medical Employees in the medical department [and for] ensuring that said medical department is run according to his execution and is responsible for ensuring that the doctors employed by his department and caring for patients - that they provide adequate medical care, conduct themselves in a professional manner, [and] is responsible for providing medical care." *Id.* Plaintiff sues all Defendants in their individual and official capacities. *Id.*

Plaintiff seeks $150,000.00 in compensatory damages, $150,000 in punitive damages, a declaratory judgment that the acts and omissions of Defendants violated his Eighth Amendment rights, a preliminary injunction ordering Defendants to stop violating his rights and provide him adequate medical care and rehabilitation for his shoulder, costs, and any other relief the Court deems just, proper, and equitable. *Id.*

Defendants Sehorn and Wiley filed the instant Partial Motion to Dismiss and supporting

---

[2] Because the sole issue presently before the Court is whether Plaintiff's claims for money damages against Defendants Sehorn and Wiley in their official capacities are barred by sovereign immunity, the undersigned will not recount Plaintiff's detailed factual averments herein.

Memorandum of law seeking dismissal of Plaintiff's official capacity claims seeking monetary damages against them. Docket Nos. 24, 25. As grounds for their Motion, Defendants argue that Plaintiff's official capacity claims seeking monetary damages against them must be dismissed because as TDOC employees, they stand in the shoes of their employer, the State of Tennessee, which has not waived its sovereign immunity for recovery of monetary damages in §1983 actions. *Id.*

Plaintiff, who is represented by counsel, filed a Response and supporting Memorandum of Law arguing that the instant Motion was unclear as to whether Defendants were seeking to dismiss all official capacity claims against them or just the claims for money damages. Docket Nos. 33, 34. Plaintiff argues that Defendants' sovereign immunity argument applies solely to claims for money damages and that, to the extent that Defendants seek dismissal of Plaintiff's official capacity claims against them beyond dismissing the claim for money damages, their Motion should be denied. *Id.*

With leave of Court, Defendants have filed a Reply, clarifying that their Motion seeks simply to dismiss Plaintiff's claims for money damages against them in their official capacities because those claims are barred by sovereign immunity. Docket No. 40.

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made

against the public entity. *Id*. Defendants, as TDOC employees, stand in the shoes of their employer, the State of Tennessee. The law is well-settled that the State is not "a person" amenable to suit under § 1983. *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Additionally, as both parties acknowledge, the State of Tennessee has not waived its sovereign immunity over suits against it seeking money damages. Accordingly, Defendants' Partial Motion to Dismiss Plaintiff's claims for money damages against them in their official capacities should be GRANTED.

Moreover, although Plaintiff seeks declaratory and injunctive relief, he is no longer housed at DSNF. Because he is no longer at DSNF, his claims for declaratory and injunctive relief should be dismissed as MOOT.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge

4